UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW P. VYLETEL,

            Plaintiff,            Civil Action No. 22-12485

v.                                           Matthew F. Leitman
                                           United States District Judge

UNIVERSITY OF MICHIGAN,        David R. Grand
                                           United States Magistrate Judge

            Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 12)

In early 2019, *pro se* plaintiff Matthew Vyletel ("Vyletel") was a student at defendant University of Michigan[1] ("UM") and part of an automotive research team. In late-February/early-March 2019 Vyletel was removed from the team and then banned from certain UM laboratory facilities. More than three years later, on October 17, 2022, Vyletel commenced the instant action, claiming that the decision to ban him was the result of an unlawful conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985(3). Vyletel clarified his allegations in an amended complaint that he filed on October 27, 2022. On October 31, 2022, UM filed a Motion to Dismiss Vyletel's amended complaint. (ECF No. 12). Vyletel filed a response to this motion on November 7, 2022 (ECF No. 13), and UM

---

[1] Named as defendants in this action are both the University of Michigan and the Regents of the University of Michigan. (ECF Nos. 1, 10). However, these defendants are one and the same, as the 1963 Michigan Constitution, Article VIII, § 5 established the Regents of the University of Michigan as the body corporate of the University of Michigan.

filed a reply on November 22, 2022 (ECF No. 30).[2]

An Order of Reference was entered on November 22, 2022, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 27). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that UM's Motion to Dismiss **(ECF No. 12)** be **GRANTED**.

### II. REPORT

#### A. Background

As of early 2019, Vyletel was a student member of UM's Formula Society of Engineers ("FSAE") team, which conducted automotive research. Specifically, Vyletel alleges that he "held the role of Captain, Technical Lead, and Chassis Lead" on the team. (ECF No. 10, PageID.85). Vyletel alleges that he had developed significant improvements to the team's vehicle, but that UM wanted him off the team so as to sabotage it. (*Id.*, PageID.85-89). Specifically, Vyletel alleges, "With me off the team I wouldn't be able to present my work and the improvements I had made to the vehicle. The team would do worse and the car wouldn't have as much available grip which would result in longer lap

---

[2] On November 23, 2022, Vyletel filed an unauthorized "response" to UM's reply brief. (ECF No. 31). Although it need not do so, given the fact that Vyletel is proceeding *pro se*, the Court will consider the arguments set forth therein in ruling on UM's motion to dismiss.

2

times.  [UM] would have had a lot of questions inquiring into how I alone improved a previously top 10 vehicle." (*Id.*, PageID.88-89; *see also id.*, PageID.93 ("[UM] didn't want to answer how a student, being the most experienced member of the team (so without help), could have improved a previous top 10 vehicle.").  Vyletel alleges that, on March 1, 2019, his "civil rights were violated and [he] was discriminated against" by UM when he was banned from the team and two UM-Dearborn laboratory buildings. (*Id.*, PageID.86).  In his single-count amended complaint, Vyletel claims that these actions were the result of an unlawful conspiracy, in violation of 42 U.S.C. § 1985(3).  As "relief," Vyletel seeks in excess of $39 million in "economic" and "compensatory" damages. (*Id.*, PageID.97-100).

UM now moves to dismiss Vyletel's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that his § 1985 claim is barred by both the Eleventh Amendment and the applicable three-year statute of limitations. (ECF No. 12).  For the reasons set forth below, the Court agrees.

**B.    Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough

fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead facts sufficient to show a redressable legal wrong has been committed[.]" *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C. Analysis

#### 1. *Vyletel's § 1985 Claim is Barred by the Eleventh Amendment*

In its motion to dismiss, UM argues that Vyletel's § 1985 claim is barred by Eleventh Amendment immunity. (ECF No. 12, PageID.149-51). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.[3] Interpreting this provision, the United States Supreme Court has held that the Eleventh Amendment prohibits suit in federal court against the state or any of its agencies or departments unless the state has waived its sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Sykes v. U.S.*, 507 F.

---

[3] In his response brief, Vyletel quotes the Eleventh Amendment and then argues that its immunity provision does not apply because he is "***a citizen of the same state [as UM]***, not another State or Foreign State." (ECF No. 13, PageID.159) (emphasis added). But such a strict literal application of the Eleventh Amendment has been rejected by numerous courts – including the United States Supreme Court – which have uniformly held that the Eleventh Amendment bars suits against a state by citizens *of the same state*. Indeed, very recently, the Sixth Circuit Court of Appeals explained, "The text [of the 11th Amendment] itself 'applies only if the plaintiff is not a citizen of the defendant State.' [] But the Supreme Court 'has long understood [the] Amendment to 'stand not so much for what it says' as for the broader 'presupposition of our constitutional structure which it confirms.'' [] Based on that presupposition, the Supreme Court has expanded the scope of the Amendment's plain language in two significant ways. First, in *Hans v. Louisiana*, 134 U.S. 1, 18-19 [] (1890), the Supreme Court held that Eleventh Amendment sovereign immunity applies to private suits commenced against a state by citizens of the same state. [] Second, in *Kentucky v. Graham*, 473 U.S. 159, 166 [] (1985), the Court made the Eleventh Amendment applicable to state officials sued in their official capacity."). *Smith v. Kentucky*, 36 F.4th 671, 676 (6th Cir. 2022). *See also, e.g., Guertin v. State*, 912 F.3d 907, 936 (6th Cir. 2019); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). Thus, Vyletel's "same state" argument lacks merit.

5

App'x 455, 462 (6th Cir. 2012) (Eleventh Amendment prohibits actions against states and state agencies under § 1985). The State of Michigan has neither constitutionally nor statutorily waived its Eleventh Amendment immunity as to federal court litigation brought against it.[4] *See Morris v. Michigan Dep't of Corr.*, No. 21-10627, 2021 WL 1238129, at *2 (E.D. Mich. Apr. 2, 2021) ("The State of Michigan has not consented to being sued in civil rights actions in the federal courts[.]") (citing cases).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). For this reason, suit in federal court against a state university – like the University of Michigan – and its board is treated as a suit against the state. *See Estate of Ritter by Ritter v. University of Michigan*, 851 F.2d 846, 850-51 (6th Cir. 1988) ("We conclude that the Eleventh Amendment does apply and the Board [of Regents] is entitled to claim this immunity."); *see also Lipian v. Univ. of Michigan*, 453 F. Supp. 3d 937, 954 (E.D. Mich. 2020) ("The University of Michigan is a department of the government of the State of Michigan and is thus protected by the Eleventh Amendment."). Thus, Vyletel's § 1985 claim against UM is barred by Eleventh Amendment immunity.

    2.    *Vyletel's § 1985 Claim is Also Barred by the Statute of Limitations*

UM also argues that Vyletel's claim against it is time-barred. (ECF No. 12,

---

[4] In his response brief, Vyletel argues that the Michigan governmental immunity statute, MCL 691.1407, acts as a waiver of Eleventh Amendment immunity. (ECF No. 13, PageID.160). Courts have rejected this argument, however, requiring an *express* statement to waive immunity. *See Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Here, because the Michigan governmental immunity statute does not expressly waive the Eleventh Amendment's prohibition against claims against the state brought in federal court, Vyletel's argument fails.

6

PageID.151-52). The Sixth Circuit has held that the statute of limitations for an action brought under 42 U.S.C. § 1985 is the most analogous state statute of limitations for personal injury claims. *See Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001); *McIlwain v. Dodd*, No. 22-5219, 2022 WL 17169006, at *3 (6th Cir. Nov. 22, 2022). The Sixth Circuit has specifically held that, in Michigan, an action for damages under § 1985 is governed by Michigan's three-year statute of limitations for personal injury claims. *See, e.g., Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020); *Ziegler v. State of Michigan*, No. 99-2126, 2000 WL 1434496, at *1 (6th Cir. Sept. 18, 2000).

In this case, Vyletel alleges that his civil rights were violated on March 1, 2019, when he was banned from two UM-Dearborn buildings and the FSAE team. (ECF No. 10, PageID.86). However, Vyletel filed his complaint on October 17, 2022, more than seven months after the three-year statute of limitations expired. Thus, Vyletel's § 1985 claim is barred by the applicable statute of limitations and should be dismissed.[5]

---

[5] Seeking to avoid dismissal of his claim, Vyletel raises two arguments. First, he appears to argue that there is no statute of limitations for § 1985 claims because "[i]f a statute of limitations was meant [to] be imposed … it would be listed in [the] federal statute." (ECF No. 13, PageID.161). Vyletel cites no law for this proposition, however, and, as set forth above, the Sixth Circuit has expressly held that a three-year statute of limitations applies to claims in Michigan brought under 42 U.S.C. § 1985. *See Bowden*, 13 F. App'x at 272. Vyletel also argues that even if a three-year limitations period applies, the alleged discriminatory action is an "ongoing event," with a new ban effectively being imposed every day. (ECF No. 13, PageID.161; ECF No. 31, PageID.317). It appears, then, that Vyletel is arguing that the continuing violation doctrine applies to his claim. But, again, Vyletel cites no case law in support of this proposition, and the Supreme Court has contrasted a continuing violation with discrete acts that are "easy to identify." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Continuing violations in the civil rights context are "akin to hostile-work environment claims where the harm 'cannot be said to occur on any particular day' and individual incidents are not actionable on their own." *Goldsmith v. Sharrett*, 614 F. App'x 824, 828-29 (6th Cir. 2015) (quoting *Morgan*, 536 U.S. at 115). Here, UM's alleged action – in banning Vyletel from campus buildings and the FSAE team on March 1,

## III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that UM's Motion to Dismiss **(ECF No. 12)** be **GRANTED**.[6]

| | |
|---|---|
| Dated: December 6, 2022<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy

---

2019 – is a discrete act that took effect on a particular day, which started the running of the statute of limitations. Thus, the continuing violation doctrine does not apply.

[6] Although not pled as specific claims for relief, Vyletel makes two other assertions in passing that bear mentioning. First, he alleges that his ban from UM buildings and the FSAE team "deprived [him] of [his] 1st Amendment rights …." (ECF No. 10, PageID.96). But, such a claim – for an alleged civil rights violation – must be brought pursuant to 42 U.S.C. § 1983, and the statute of limitations for such claims in Michigan is three years. *See, e.g., Robinson v. Genesee Cty. Sheriff's Dep't*, No. 16-13805, 2019 WL 529280, at *3 (E.D. Mich. Feb. 11, 2019). Moreover, the Eleventh Amendment bars this claim too, for all of the reasons explained herein, *supra* at 5-6. Secondly, Vyletel suggests that because his "sex and race differ" from the person who made the decision to ban him, his rights were violated under "42 U.S.C. § 2000(a) and the equivalent MCL 37.2401-2." (ECF No. 10, PageID.94). Elsewhere, Vyletel more clearly alleges that because he is a white man, and the decision maker is a woman "of Asian nationality" (*Id.*, PageID.106), these statutes were violated. The law is clear, however, that such allegations are insufficient to state a claim under § 2000(a). *See Lewis v. Northland Chrysler Dodge Ram Jeep*, No. 13-14058, 2014 WL 3375524, at *3, 7 (May 27, 2014) (plaintiff's allegation – in merely stating that she was an African American woman but failing to allege how she was treated differently because of her race or gender – was insufficient to state a claim under 42 U.S.C. § 2000a); *Sam Han v. University of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2020) (plaintiff's allegation "that simply because he was good at his job and was an Asian-American male, he is entitled to a reasonable inference of race and gender discrimination after the University failed to renew his contract" failed to state a claim). Moreover, money damages are unavailable for violations of 42 U.S.C. § 2000(a). *Lewis v. Northland Chrysler Dodge Ram Jeep,* No. 13-CV-14058, 2014 WL 3054563, at *3 (E.D. Mich. July 7, 2014) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 n. 5 (1970)). For all of these reasons, even if Vyletel had asserted these claims as independent causes of action rather than as elements of his § 1985 conspiracy claim, they would both be subject to dismissal.

hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2022.

s/Michael E. Lang
MICHAEL E. LANG
Case Manager
