UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW P. VYLETEL,

    Plaintiff,

v.

                          Case No. 22-cv-12485
                          Hon. Matthew F. Leitman

UNIVERSITY OF MICHIGAN, *et al.*,

    Defendants.
_____/

**<u>ORDER (1) OVERRULING PLAINTIFF'S COMBINED OBJECTIONS TO, AND DENYING PLAINTIFF'S MOTION TO STRIKE, REPORT AND RECOMMENDATION (ECF No. 35); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 32); AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 12)</u>**

This is one of three different civil actions that pro se Plaintiff Matthew Vyletel filed against the University of Michigan in 2022. In this case, Vyletel alleges that the University and its governing Board of Regents violated his civil rights by removing him from the University's automotive research team and banning him from certain areas of campus. (See Am. Compl., ECF No. 10.) Vyletel brings a single claim against the University and the Regents for a violation of 42 U.S.C. 1985(3). (*See id.*, PageID.85-89.) Vyletel seeks over $39 million in "economic" and "compensatory" damages. (*Id.*, PageID.97-100.)

Defendants filed a Motion to Dismiss on October 31, 2022. (*See* Mot., ECF No. 12). In that motion, Defendants argued that they are immune from Vyletel's § 1985 claim under the Eleventh Amendment and that Vyletel's claim is further barred by the three-year statute of limitations. (*See id.*, PageID.149-152.) On December 6, 2022, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R"), in which he recommended that Defendants' Motion to Dismiss be granted. (*See* R&R, ECF No. 32, PageID.322.) Vyletel then filed a Motion to Strike and Objection to the R&R on December 19, 2022. (*See* Obj., ECF No. 35.) The Court has now carefully reviewed Vyletel's Objections and does not find them persuasive. For the reasons explained below, the Court **OVERRULES** Vyletel's Objections to the R&R, **DENIES** his Motion to Strike the R & R, **ADOPTS** the recommended disposition of the R&R, and **GRANTS** Defendants' Motion to Dismiss. Vyletel's Amended Complaint is **DISMISSED WITH PREJUDICE.**

# I

## A

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo.* *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149

(1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. Appx. 228, 230 (6th Cir. 2009).

**B**

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id.* When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Mere "conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of

the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Because Vyletel is proceeding *pro se*, this Court must liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For instance, "the 'leniency standard' [generally afforded to *pro se* litigants] has still required basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Id.* (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

## II

### A

As noted above, the assigned Magistrate Judge recommended that Vyletel's § 1985 claim be dismissed because the Defendants are immune from § 1985 claims under Eleventh Amendment. (*See* R&R, ECF No. 32, PageID.325.) The Court agrees with that recommendation. The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell*

*v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Both the University and its Board of Regents are protected by the Eleventh Amendment. *See Estate of Ritter by Ritter v. University of Michigan*, 851 F.2d 846, 850-51(6th Cir. 1988) ("We conclude that the Eleventh Amendment does apply and the Board [of Regents] is entitled to claim this immunity."); *Lipian v. Univ. of Michigan*, 453 F. Supp. 3d 937, 954 (E.D. Mich. 2020) ("The University of Michigan is a department of the government of the State of Michigan and is thus protected by the Eleventh Amendment."). Moreover, the State of Michigan has not consented to being sued in civil rights actions in federal courts, *Abick v. Michigan*, 803 F.2d 974, 877 (6th Cir. 1986), and Congress has not abrogated Eleventh Amendment immunity from claims under 42 U.S.C. § 1985. *See, e.g., Sykes v. U.S.*, 507 Fed. App'x 455, 462 (6th Cir. 2012) (holding that University of Cincinnati enjoyed Eleventh Amendment immunity from claim brought under 42 U.S.C. § 1985). For all of these reasons, the Court concurs with the Magistrate Judge's conclusion that the Eleventh Amendment confers upon the Defendants immunity from Vyletel's claim.

  Vyletel's counterarguments in his Objections are difficult, if not impossible, to understand. He appears to argue that the Fourteenth Amendment somehow abrogates the Defendants' Eleventh Amendment immunity and authorizes him to bring his claim. It does not. And none of the many statutes or cases cited by Vyletel

5

suggest otherwise. Vyletel also seems to argue that the Defendants should not be treated as the State of Michigan for Eleventh Amendment purposes. But the Sixth Circuit has already held that they should be so treated. *See Estate of Ritter*, *supra*. Vyletel has not demonstrated any error in the Magistrate Judge's conclusion that the Eleventh Amendment bars his claim.

B

The assigned Magistrate Judge further recommended that, even if Vyletel's claim is not barred by Eleventh Amendment immunity, it should nevertheless be dismissed because it is time-barred by the relevant statute of limitations. (*See* R&R, ECF No. 32, PageID.326.) "For cases brought pursuant to section 1985, courts borrow the applicable state statute of limitations." *Dotson v. Lane*, 360 Fed. App'x 617, 619 n.2 (6th Cir. 2010). An action brought in Michigan for damages under § 1985 is governed by Michigan's three-year statute of limitations for personal injury claims. *See Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020).

Vyletel alleges that the Defendants removed him from the automotive team and banned him from certain buildings on March 1, 2019, but he did not file this action until October 17, 2022 – more than three years later. Thus, as the Magistrate Judge properly recognized, Vyletel's claim is not timely and must be dismissed.

Vyletel counters that he suffered a separate, additional injury that occurred on November 8, 2019, when the University sent him an email that implemented "a new

ban (2nd ban) with different terms." (Obj., ECF No. 35, PageID.355.) However, as Defendants point out in their Response, the University did not take any new actions on November 8, but instead simply sent Vyletel an email referring to the ban it instituted on March 1 and confirming that that ban was still in place. (*See* 11/8 Email, ECF No. 10, PageID.126.) That email did not restart the limitations period.

Vyletel also asserts that the "continuing violation" doctrine applies to his claim because he continues to experience the negative effects of Defendants' bans. (*See Obj.*, ECF No. 35, PageID.356-357.) But as the Magistrate Judge explained in his R&R, the "continuing violation" doctrine does not apply where the alleged harm can be traced to a discrete incident. *See Goldsmith v. Sharrett*, 614 Fed. App'x 824, 828-29 (6th Cir. 2015). Here, Vyletel's alleged harm – his removal from the team and his inability to access certain areas of campus – arises from a single alleged act by the Defendants. That the consequences of that single act may continue to impact Vyletel is not enough to invoke the continuing violation doctrine.

Finally, Vyletel appears to suggest that the statute of limitations for his § 1985 claim is six years. (*See* Obj., ECF No. 35, PageID.356.) But as noted above, the Sixth Circuit has held that the applicable limitations period is three years, *Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020), and Vyletel has not cited any authority to the contrary.

7

For all of these reasons, the Court agrees with the Magistrate Judge that Vyletel's claim is barred by the applicable three-year Statute of Limitations.

### III

For the reasons explained above, the Court (1) **OVERRULES** Plaintiff's Objections to the R&R; (2) **DENIES** Plaintiff's Motion to Strike the R & R; (3) **ADOPTS** the recommended disposition of the R&R; and (4) **GRANTS** Defendants' Motion to Dismiss.  This action is **DISMISSED WITH PREJUDICE.**

   **IT IS SO ORDERED.**

> s/Matthew F. Leitman
> MATTHEW F. LEITMAN
> UNITED STATES DISTRICT JUDGE

Dated:  March 16, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 16, 2023, by electronic means and/or ordinary mail.

> s/Holly A. Ryan
> Case Manager
> (313) 234-5126

8